IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02444-BNB

GARY WAYNE WILDER, and the Black Race of People, the Descendants of the Tribes of Africa,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
GEORGE W. BUSH, et al.,
THE PRESIDENT OF THE SENATE, et al.,
THE PRESIDENT OF THE HOUSE OF REPRESENTATIVES, et al.,
THE CONSTITUTION OF THE UNITED STATES,
THE NAMED STATE OF COLORADO,
A. WILLIAM RITTER, JR., et al., and
THE PEOPLE OF COLORADO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 0 1 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Gary Wayne Wilder is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Wilder was incarcerated at the Adams County Detention Facility in Brighton, Colorado, when he initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. In an order filed on January 13, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Wilder to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. After being granted extensions of time to file his amended complaint, Mr. Wilder filed an amended Prisoner Complaint on April 15, 2009.

The Court must construe the amended complaint liberally because Mr. Wilder is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

The Court has reviewed Mr. Wilder's amended complaint and finds that the amended complaint still fails to comply with the pleading requirements of Rule 8. As Mr. Wilder was advised, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and

brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Wilder fails in his amended complaint to set forth a short and plain statement of his claims showing that he is entitled to relief in this action. Magistrate Judge Boland specifically advised Mr. Wilder that, in order "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Despite this advisement, Mr. Wilder has failed to file an amended complaint that complies with the pleading requirements of Rule 8. It is not clear why Mr. Wilder is suing each of the named Defendants or which of his specific legal rights have been violated and how. Therefore, the action will be dismissed for failure to comply with the pleading requirements of Rule 8.

The action also will be dismissed because Mr. Wilder has failed to make the required monthly filing fee payments. In an order filed on December 12, 2008, Magistrate Judge Boland granted Mr. Wilder leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(b)(1), Mr. Wilder was ordered to pay the $350.00 filing fee and he was directed to pay the filing fee in installments. On January 8, 2009, Mr. Wilder paid an initial partial filing fee of $4.00.

Pursuant to § 1915(b)(2), Mr. Wilder is required to make "monthly payments of 20 percent of the preceding month's income credited to [his] account" until the filing fee is paid in full. In Magistrate Judge Boland's December 12 order, Mr. Wilder was instructed either to make the required monthly payments or to show cause each month

why he has no assets and no means by which to make the monthly payment. In order to show cause, Mr. Wilder was directed to file a current certified copy of his inmate trust fund account statement. Mr. Wilder was warned that a failure to comply with the requirements of § 1915(b)(2) would result in the dismissal of this action without further notice.

Following payment of the initial partial filing fee on January 8, 2009, Mr. Wilder has failed to make any monthly filing fee payments in this action or to show cause why he was unable to make the required monthly filing fee payments. Therefore, the action also will be dismissed for failure to comply with Magistrate Judge Boland's December 12 order and the requirements of § 1915(b)(2). Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and for failure to comply with Magistrate Judge Boland's December 12, 2008, order and the requirements of 28 U.S.C. § 1915(b)(2).

DATED at Denver, Colorado, this 30 day of april, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02444-BNB

Gary W. Wilder
Prisoner No. 88560
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/1/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk