IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02444-ZLW

GARY WAYNE WILDER, and the Black Race of People, the Descendants of the Tribes
of Africa,

     Plaintiff,

v.

UNITED STATES OF AMERICA,
GEORGE W. BUSH, et al.,
THE PRESIDENT OF THE SENATE, et al.,
THE PRESIDENT OF THE HOUSE OF REPRESENTATIVES, et al.,
THE CONSTITUTION OF THE UNITED STATES,
THE NAMED STATE OF COLORADO,
A. WILLIAM RITTER, JR., et al., and
THE PEOPLE OF COLORADO,

     Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 3 0 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Gary Wayne Wilder has filed *pro se* on June 23, 2009, a document titled

"Plaintiff [sic] Objection to the Order of Dismissal Out of Sequence Pursuant to D.C.

COLO. CIV. R. 41.1 and, in Alternative [sic], Petition to Strike Courts [sic] Order of

Dismissal." Mr. Wilder asks the Court to reconsider and vacate the Court's Order of

Dismissal and the Judgment entered in this action on May 1, 2009. The Court must

construe the document liberally because Mr. Wilder is not represented by an attorney.

*See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). Therefore, the document will be construed liberally as a motion

to reconsider. For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Wilder's motion to reconsider, which was filed more than ten days after the Judgment was entered in this action, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice for two reasons. The first reason was Mr. Wilder's failure to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. In an order filed on January 13, 2009, Magistrate Judge Boyd N. Boland directed Mr. Wilder to file an amended complaint that complies with Rule 8. Although Mr. Wilder filed an amended complaint on April 15, 2009, in response to Magistrate Judge Boland's order, the Court determined that the amended complaint did not comply with Rule 8 because the amended complaint failed to set forth a short and plain statement of Mr. Wilder's claims showing that he is entitled to relief in this action.

The Court also dismissed this action based on Mr. Wilder's failure either to make the required monthly filing fee payments or to show cause each month why he was

2

unable to make a monthly payment. In an order filed on December 12, 2008,

Magistrate Judge Boland granted Mr. Wilder leave to proceed *in forma pauperis*

pursuant to 28 U.S.C. § 1915 and ordered him to pay the $350.00 filing fee in

installments. Mr. Wilder specifically was directed to pay an initial partial filing fee of

$4.00 within thirty days and, thereafter, either to make monthly payments or to show

cause each month why he has no assets and no means by which to make a monthly

payment. In order to show cause, Mr. Wilder was directed to file a current certified

copy of his inmate trust fund account statement. Mr. Wilder was warned that a failure

to comply would result in the dismissal of this action without further notice. After paying

the $4.00 initial partial filing fee on January 8, 2009, Mr. Wilder failed to make any

monthly filing fee payments or to show cause why he was unable to make the monthly

filing fee payments.

Mr. Wilder argues in the motion to reconsider that the Court should not have

dismissed this action without first ordering him to show cause why the action should not

be dismissed. He also argues that his amended complaint complies with the pleading

requirements of Rule 8. With respect to the monthly filing fee payments, Mr. Wilder

alleges that he did not receive a copy of Magistrate Judge Boland's December 12 order

and that he was under the impression his custodian would be directed to make the filing

fee payments. Mr. Wilder also has attached to the motion to reconsider an uncertified

copy of his inmate account statement showing that he has had a negative balance in

his inmate account.

Upon consideration of the motion to reconsider and the entire file, the Court finds

that Mr. Wilder fails to demonstrate the existence of any extraordinary circumstances

that would justify a decision to reconsider and vacate the order dismissing this action. Mr. Wilder was advised that his original complaint did not comply with Rule 8 and he was given an opportunity to file an amended complaint. He also was given specific directions regarding his obligation to make monthly filing fee payments or to show cause why he was unable to make the monthly filing fee payments. In both instances, he was warned that a failure to comply would result in the dismissal of this action. Under these circumstances, the Court was not required to issue an order to show cause prior to dismissing this action.

Mr. Wilder's remaining arguments also lack merit. For the reasons specified in the Court's Order of Dismissal, the Court does not agree that Mr. Wilder's amended complaint complies with Rule 8. Regarding his allegation that he did not receive a copy of Magistrate Judge Boland's December 12 order directing him either to make monthly filing fee payments or to show cause why he cannot make the monthly filing fee payments, the Court notes that Mr. Wilder obviously was aware of that order because he paid the $4.00 initial partial filing fee specified in the December 12 order. Mr. Wilder's awareness of the December 12 order also means that he could not reasonably believe that the Court had directed or would direct his custodian to make the monthly filing fee payments because nothing in the December 12 order could lead to that conclusion. Finally, the uncertified account statement Mr. Wilder submitted with his motion to reconsider does not excuse his failure to show cause each month as directed in Magistrate Judge Boland's December 12 order. Therefore, the motion to reconsider will be denied. Accordingly, it is

4

ORDERED that "Plaintiff [sic] Objection to the Order of Dismissal Out of Sequence Pursuant to D.C. COLO. CIV. R. 41.1 and, in Alternative [sic], Petition to Strike Courts [sic] Order of Dismissal" filed on June 23, 2009, which the Court has construed liberally as a motion to reconsider, is denied.

DATED at Denver, Colorado, this 29 day of _____ June _____, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  08-cv-02444-BNB

Gary W. Wilder
Prisoner No. 88560
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700


     I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on 6/30/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk